## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

**DAVID JONES, ET AL.**                                    CIVIL ACTION

**VERSUS**                                                      No. 21-1858

**FLOWERS FOODS, INC., ET AL**                        SECTION I

## ORDER & REASONS

Before the Court is defendants' motion[1] to dismiss or, in the alternative, to compel arbitration as to plaintiff Dennis Ory ("Ory"). The motion was submitted on April 20, 2022. To date, Ory has filed no opposition to the motion. For the reasons that follow, the Court will grant the motion to dismiss.

### I. BACKGROUND

Ory is one of numerous plaintiffs in the instant action, who all allege that they have worked as deliverymen for defendants, Flowers Foods, Inc. ("Flowers Foods") and Flowers Baking Company of New Orleans, LLC ("FBC of New Orleans"), and their subsidiaries and affiliates.[2] Plaintiffs allege that they have been misclassified as "independent contractors," and they seek relief pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, and the Louisiana Wage Payment Law, La. Rev. Stat. 23:631, *et seq.*[3]

---

[1] R. Doc. No. 32.

[2] R. Doc. No. 1 ¶ 1.

[3] *Id.* at 1 ¶ 1, 2 ¶ 2.

On June 2, 2002, Ory entered into a Distributor Agreement with FBC of New Orleans, a wholly-owned subsidiary of Flowers Foods, whereby Ory purchased distribution rights to sell and deliver fresh-baked products in a defined geographic territory.[4]

On July 8, 2016, Ory executed an Amendment to the Distributor Agreement, which included the following provision regarding arbitration:

> The parties agree that any claim, dispute, and/or controversy except as specifically excluded herein, that either DISTRIBUTOR may have against COMPANY (and/or its affiliated companies …) or that COMPANY may have against DISTRIBUTOR . . . arising from, related to, or having any relationship or connection whatsoever with the Distributor Agreement between DISTRIBUTOR and COMPANY, including . . . any other association that DISTRIBUTOR may have with COMPANY ("Covered Claims") shall be submitted to and determined exclusively by binding arbitration under the Federal Arbitration Act (9 U.S.C. §§ 1, et seq.) ("FAA") in conformity with the Commercial Arbitration Rules of the American Arbitration Association ("AAA" or "AAA Rules"), or any successor rules, except as otherwise agreed to by the parties and/or specified herein . . . .
>
> Covered Claims covered under this Arbitration Agreement include, but are not limited to: . . . any claims challenging the independent contractor status of DISTRIBUTOR, claims alleging that DISTRIBUTOR was misclassified as an independent contractor, any other claims premised upon DISTRIBUTOR's alleged status as anything other than an independent contractor, . . . claims for alleged unpaid compensation, . . . or statutory penalties under either federal or state law.[5]

On January 7, 2017, Ory assigned the Distributor Agreement, along with all of its amendments and addendums thereto, to Ory Distributing, Inc., a business entity established by Ory in which Ory has a controlling interest.[6]

---

[4] R. Doc. No. 32-2, ¶¶ 2, 6; R. Doc. No. 32-3.

[5] R. Doc. No. 32-5, at 5.

[6] R. Doc. No. 32-1, at 3 (citing R. Doc. No. 32-7).

## II.  LAW AND ANALYSIS

"The Fifth Circuit has not 'definitively decided whether Rule 12(b)(1) or Rule 12(b)(3) is the proper rule for motions to dismiss based on an arbitration or forum-selection clause.'" *Glover v. Regions Bank*, No. 20-545, 2020 WL 2197915, at *1 (E.D. La. May 6, 2020) (Africk, J.) (quoting *Noble Drilling Servs., Inc. v. Certex USA, Inc.*, 620 F.3d 469, 472 n.3 (5th Cir. 2010)). It has "held that a district court lacks subject matter jurisdiction over a case and should dismiss it pursuant to Federal Rule of Civil Procedure 12(b)(1) when the parties' dispute is subject to binding arbitration." *Gilbert v. Donahoe*, 751 F.3d 303, 306 (5th Cir. 2014); *see also Omni Pinnacle, LLC v. ECC Operating Servs., Inc.*, 255F. App'x. 24, 26 (5th Cir. 2007) (affirming district court order dismissing case pursuant to Rule 12(b)(1) based on an agreement requiring arbitration of dispute).

On a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction, the burden of proof is on the party asserting jurisdiction. *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001). "Accordingly, the plaintiff constantly bears the burden of proof that jurisdiction does in fact exist." *Id.* "In order to bear that burden, the party must prove by a preponderance of the evidence that the court has jurisdiction based on the complaint and evidence." *Gilbert*, 751 F.3d at 307. "However, a motion to dismiss for lack of subject matter jurisdiction should be granted only if it appears certain that the plaintiff cannot prove any set of facts in support of his claim that would entitle plaintiff to relief." *Id.*

When resolving a Rule 12(b)(1) motion, the court may consider "(1) the complaint alone; (2) the complaint supplemented by the undisputed facts evidenced

in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Lane v. Halliburton*, 529 F.3d 548, 557 (5th Cir. 2008). The court must "take the well-pled factual allegations of the complaint as true and view them in the light most favorable to the plaintiff." *Id.*

The Fifth Circuit conducts a two-step inquiry when determining whether claims are referable to arbitration. First, "the court must determine whether the parties agreed to arbitrate the dispute." *Polyflow, LLC v. Specialty RTP, LLC*, 993 F.3d 295, 302 (5th Cir. 2021) (quoting *Will-Drill Res. v. Samson Res.*, 352 F.3d 211, 214 (5th Cir. 2003)). This inquiry entails two considerations: "(1) whether there is a valid agreement to arbitrate between the parties; and (2) whether the dispute in question falls within the scope of that arbitration agreement." *Id.* Second, if the court finds that the parties agreed to arbitrate, the court "must consider whether any federal statute or policy renders the claims nonarbitrable." *Id.*

"When deciding whether the parties agreed to arbitrate the dispute in question, courts generally . . . should apply ordinary state-law principles that govern the formation of contracts." *Id.* at 302–03 (5th Cir. 2021) (internal quotations omitted). "In doing so, 'due regard must be given to the federal policy favoring arbitration, and ambiguities as to the scope of the arbitration clause itself resolved in favor of arbitration.'" *Id.* at 303 (quoting *Volt Info. Scis. v. Bd. of Trs. of Leland Stanford Jr. Univ.*, 489 U.S. 468, 475–76 (1989)).

Ory, as "the party resisting arbitration[,] shoulders the burden of proving that the dispute is not arbitrable." *Polyflow*, 993 F.3d at 303 (quoting *Overstreet v. Contigroup Cos.*, 462 F.3d 409, 412 (5th Cir. 2006)). Ory has not filed an opposition to the instant motion. After reviewing the defendants' memorandum in support of their motion, the record, and the applicable law, and viewing all facts in Ory's favor, the Court concludes that Ory's dispute with defendants must be submitted to arbitration. Ory has not alleged, nor is there any evidence supporting an allegation that, the arbitration agreement is not valid or that Ory's allegations against the defendants do not fall within the arbitration provision. Moreover, Ory has not shown that there are any legal constraints external to the parties' agreement that would foreclose the arbitration of his claims. Accordingly,

**IT IS ORDERED** that the motion to dismiss as to Dennis Ory's claims is **GRANTED** and his claims are **DISMISSED WITHOUT PREJUDICE**.

New Orleans, Louisiana, May 12, 2022.

**LANCE M. AFRICK
UNITED STATES DISTRICT JUDGE**