UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| DAVID JONES, ET AL. | * | CIVIL ACTION |
| VERSUS | * | NO. 21-1858 (2) |
| FLOWERS FOODS, INC., ET AL. | * | M.J. CURRAULT |

## ORDER AND REASONS

Before me is a Motion to Dismiss and Fix Attorneys' Fees filed by Defendants Flowers Food, Inc. and Flowers Baking Company of New Orleans, LLC (together, "Flowers"). ECF No. 48. Plaintiffs timely filed an Opposition Memorandum. ECF No. 52. The Honorable Lance M. Africk referred this matter to the undersigned magistrate judge for Report and Recommendation, and the Court held oral argument on the matter. ECF Nos. 54, 55. Subsequently, the parties consented to proceed to trial before magistrate judge, resulting in the referral to the undersigned magistrate judge for all purposes pursuant to 28 U.S.C. § 636(c). ECF No. 58.

Having considered the record, the submissions and arguments of counsel, and the applicable law, Defendants' Motion to Dismiss and Fix Attorneys' Fees is GRANTED IN PART AND DENIED IN PART for the reasons stated herein.

## I.   BACKGROUND

Plaintiffs, twenty-three former opt-in plaintiffs, filed this Fair Labor Standards Act case on October 11, 2021, which relates to their related collective action that was decertified in the Western District of Louisiana.[1] By Scheduling Order dated January 13, 2022, Judge Africk established an August 15, 2022 trial date with a May 27, 2022 discovery deadline. ECF No. 24. After Plaintiffs failed to respond to discovery, Defendants filed a Motion to Compel. ECF No. 33.

---

[1] *Richard v. Flowers Foods, Inc.*, No. 15-2557, 2021 WL 4887978 (W.D. La. Oct. 18, 2021).

Plaintiffs failed to file an opposition or otherwise indicate that they had properly responded. Accordingly, this Court granted the motion to compel and ordered Plaintiffs to provide full and complete discovery responses, including the required verifications and without general boilerplate objections by April 29, 2022.  ECF No. 47.

After certain identified Plaintiffs failed to provide responses by this Court's April 29, 2022 deadline, Defendants filed this Motion to Dismiss and to Fix Attorneys' Fees in connection with the earlier motion to compel.  ECF No. 48.  Defendants also argued that dismissal is proper as Plaintiffs' failure to respond resulted from their intentional conduct, was caused by them (not their counsel), and their conduct has prejudiced Defendants' trial preparation by precluding them from conducting the necessary discovery in advance of the motion deadline.  ECF No. 48-1, at 5-8. Additionally, Defendants seek $5,994.69 in attorneys' fees incurred in filing the earlier motion to compel.  *Id.* at 8-12.

Plaintiffs oppose the motion and argue that counsel engaged in extensive communications with defense counsel regarding the outstanding discovery, has worked tirelessly to obtain the necessary information and documents to respond to the discovery requests, and later provided discovery response for nineteen of the plaintiffs.  ECF No. 52, at 1-3.  Plaintiffs ask for additional time to obtain the necessary information and respond to the discovery requests before imposing the drastic sanction of dismissal.  *Id.* at 5-6.

After these filings and oral argument, this matter was referred to the undersigned magistrate judge for all purposes.  ECF No. 58.  At the joint request of the parties, this Court held a status conference and vacated the existing Scheduling Order. ECF No. 63.  A new Scheduling Order was issued, establishing a trial date of February 27, 2023, with a discovery deadline of December 30, 2022.  ECF No. 64.

## II.   LAW AND ANALYSIS

### A.  Sanction of Dismissal For Failure to Comply with Discovery Order

Rule 37(b) authorizes sanctions for failure to comply with discovery orders.[2]  Sanctions "must be applied diligently both 'to penalize those whose conduct may be deemed to warrant such a sanction, [and] to deter those who might be tempted to such conduct in the absence of such a deterrent.'"[3]  Under Rule 37, the court may direct that designated facts be deemed established, prohibit a party from supporting or opposing certain claims or defenses, strike pleadings, stay proceedings until the order is obeyed or even dismiss the action or issue a default judgment.[4]

The court has broad discretion in fashioning its sanction under Rule 37.[5]  Generally, the Fifth Circuit broadly requires the court to determine the sanctions are "just" and "related to the particular 'claim' which was at issue in the order to provide discovery."[6]  When, however, the sanctions are litigation-ending, the Fifth Circuit imposes a heighted standard.[7]  For litigation-ending sanctions, the court must find: (1) the discovery violation was committed willfully or in bad faith and is accompanied by a clear record of delay or contumacious conduct; (2) the client, rather than counsel, is responsible for the violation; (3) the violation must substantially prejudice the opposing party's preparation for trial; and (4) a lesser sanction would not substantially achieve the desired deterrent effect.[8]  Thus, the Fifth Circuit generally requires that some lesser, preliminary sanction be proven futile before resorting to dismissal.[9]  Lesser sanctions may include,

---

[2] Fed. R. Civ. P. 37(b); *Roadway Express, Inc. v. Piper*, 447 U.S. 752, 763 (1980).

[3] *Id.* at 763–64 (quoting *Nat'l Hockey League v. Metro. Hockey Club*, 427 U.S. 639, 643 (1976)).

[4] Fed. R. Civ. P. 37(b); *see also Nat'l Hockey League*, 427 U.S. 639 at 639-40 (per curiam)).

[5] *Law Funder, L.L.C. v. Munoz*, 924 F.3d 753, 758 (5th Cir. 2019) (citing *Smith & Fuller, P.A. v. Cooper Tire & Rubber Co.*, 685 F.3d 486, 488 (5th Cir. 2012)).

[6] Law Funder, L.L.C., 924 F.3d at 758 (citing *Compaq Comput. Corp. v. Ergonome Inc.*, 387 F.3d 403, 413 (5th Cir. 2004) (quoting *Ins. Corp. of Ir. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 707 (1982))).

[7] *Id*. at 758.

[8] *Id.* at 758-59 (citing *FDIC v. Conner*, 20 F.3d 1376, 1380-81 (5th Cir. 1994)); *Cruz v. Maverick County*, 957 F.3d 563, 569 (5th Cir. 2020) (citing *Conner*, 20 F.3d at 1380–81).

[9] *Cruz*, 957 F.3d at 569 (citing *Conner*, 20 F.3d at 1380).

but are not limited to, fines, costs, or damages assessed against the plaintiff, explicit warnings, conditional dismissal, and dismissal without prejudice.[10]

In this case, the client, not counsel, is responsible for the discovery failure.  Although a party's failure to abide by a discovery order, combined with other evidence of delay and incurring needless expense may be sufficient to establish bad faith[11] and a court is not obliged to coax parties into compliance with its orders by imposing incrementally increasing sanctions,[12] plaintiffs' single failure to comply (i.e., submission of deficient responses in response to a court's order) due to inability to contact clients after decertification of the prior case, *while far from satisfactory*, does not amount to the stubborn resistance to authority justifying the litigation-ending sanction of dismissal.[13]  Setting aside whether Plaintiffs' failure to comply with this Court's order was willful or in bad faith, in light of the new Scheduling Order, Plaintiff's delay will not prejudice Defendants' trial preparation.  Accordingly, this Court will not dismiss the action at this time.

Plaintiffs are admonished, however, that future failure to comply with this Court's Orders may result in dismissal of their claims.

### B.  <u>Award of Attorneys' Fees for Motion to Compel</u>

Defendants request that the Court order Plaintiffs to pay fees and costs incurred in filing their Motion to Compel. ECF No. 48.  Federal Rules of Civil Procedure Rule 37(a)(5) provides:

> (A) If the Motion Is Granted (or Disclosure or Discovery Is Provided After Filing). If the motion is granted . . . the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees. But the court must not order this payment if:

---

[10] *Cf.  Nottingham v. Warden, Bill Clements Unit*, 837 F.3d 438, 442 (5th Cir. 2016).

[11] *Timms v. LZM, LLC*, 657 F. App'x 228, 231 (5th Cir. 2016) (citing *Worrell v. Houston Can! Academy*, 424 F. App'x 330, 336 (5th Cir. 2011)).

[12] *Id.* (citing *Moore v. CITGO Ref. & Chems. Co., LP*, 753 F.3d 309. 317 (5th Cir. 2013)).

[13] *Johnson v. Jones*, 794 F. App'x 400, 403 (5th Cir. 2019) (citing *Millan v. USAA Gen. Indem. Co*., 546 F.3d 321, 327 (5th Cir. 2008) (quoting *McNeal v. Papasan*, 842 F.2d 787, 792 (5th Cir. 1988)).

> (i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;
> (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or
> (iii) other circumstances make an award of expenses unjust.

Plaintiffs' Opposition fails to address Defendants' request for attorneys' fees, and Plaintiffs failed to even file an opposition or any response to Defendants' earlier motion compel.  Accordingly, the award of reasonable expenses incurred in filing the motion to compel is proper.

The Supreme Court has indicated that the "lodestar" calculation is the "most useful starting point" for determining the award for attorney's fees.[14]  Lodestar is computed by "the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate."[15]  The court should exclude all time that is excessive, duplicative, or inadequately documented.[16]  "If more than one attorney is involved, the possibility of duplication of effort along with the proper utilization of time should be scrutinized."[17]

The lodestar calculation, "provides an objective basis on which to make an initial estimate of the value of a lawyer's services."[18]  Once the lodestar has been determined, the district court must consider the weight and applicability of the twelve factors delineated in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974).[19]  If the *Johnson* factors warrant an

---

[14] *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983); *Jimenez v. Wood Cnty.*, 621 F.3d 372, 379 (5th Cir. 2010) ("The determination of a fees award is a two-step process.  First, the court calculates the 'lodestar'. . .").

[15] *Hensley*, 461 U.S. at 433; *Jimenez*, 621 F.3d at 379–80 (citations omitted).

[16] *Jimenez*, 621 F.3d at 379–80 (citations omitted); *see also Hensley*, 461 U.S. at 434 ("Counsel for the prevailing party should make a good faith effort to exclude from a fee request hours that are excessive, redundant, and otherwise unnecessary . . . .").

[17] *Abrams v. Baylor Coll. of Med.*, 805 F.2d 528, 535 (5th Cir. 1986) (citation and quotation omitted); *see also Phila. Indem. Ins. Co. v. SSR Hosp., Inc.*, 459 F. App'x 308, 317 (5th Cir. 2012) (affirming district court's award of attorneys' fees and noting court reduced fees for duplicate entries); *Riley v. City of Jackson*, 99 F.3d 757, 760 (5th Cir. 1996) (citations omitted) ("The determination of whether the applicant's reported hours are repetitive and duplicative is a finding of fact by the district court and will not be disturbed unless clearly erroneous.").

[18] *Hensley*, 461 U.S. at 433.

[19] *See Watkins v. Fordice*, 7 F.3d 453, 457 (5th Cir. 1993).  The twelve Johnson factors are (1) the time and labor involved; (2) the novelty and difficulty of the questions; (3) the skill required to perform the legal services properly; (4) the preclusion of other employment by the attorney due to this case; (5) the customary fee; (6) whether fee is fixed or contingent; (7) time limitations; (8) the amount involved and results obtained; (9) the experience, reputation and

adjustment, the court may make modifications upward or downward to the lodestar.[20]   "The lodestar may not be adjusted due to a *Johnson* factor, however, if the creation of the lodestar award already took that factor into account."[21]   The lodestar is presumed to be a reasonable calculation and should be modified only in exceptional circumstances.[22]

A.  **Lodestar Calculation**

1.  **Reasonable Hourly Rate**

The "appropriate hourly rate . . . is the market rate in the community for this work."[23]   The rate must be calculated "at the 'prevailing market rates in the relevant community for similar services by attorneys of reasonably comparable skills, experience, and reputation.'"[24]   Satisfactory evidence of the reasonableness of the rate necessarily includes an affidavit of the attorney performing the work and information of rates actually billed and paid in similar lawsuits.[25]   This requires, at a minimum, more than an affidavit of the attorney performing the work.[26]   It must also speak to rates actually billed and paid in similar lawsuits.

In this case, Defendants seek to recover the time spent by four lawyers in connection with the motion to compel, specifically $389 per hour for Garner (an attorney with 30 years' experience), $433 and $332 per hour for Ray and Halverson (both 15-year lawyers), ECF No. 48-1, and $279.50 an hour for Rush (a 4-year lawyer),  ECF No. 48-3.  Although Defendants provide

---

ability of counsel; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *See Johnson*, 488 F.2d at 717-19.

[20] *Watkins*, 7 F.3d at 457.

[21] *Heidtman v. Cnty. of El Paso*, 171 F.3d 1038, 1043 (5th Cir. 1999) (citation omitted).

[22] *Watkins*, 7 F.3d at 457 (citing *City of Burlington v. Dague*, 505 U.S. 557, 562 (1992)).

[23] *Black v. SettlePou, P.C.*, 732 F.3d 492, 502 (5th Cir. 2013) (citing *Smith & Fuller, P.A. v. Cooper Tire & Rubber Co.*, 685 F.3d 486, 490 (5th Cir. 2012)).

[24] *Int'l Transp. Workers Fed'n v. Mi-Das Line, SA*, No. 13–00454, 2013 WL 5329873, at *3 (E.D. La. Sept. 20, 2013) (quoting *Blum v. Stenson*, 465 U.S. 886, 895 (1984)).

[25] *Blum*, 465 U.S. at 895 n.11.

[26] *Stagner v. W. Kentucky Navigation, Inc.*, No. 02-1418, 2004 WL 253453, at *3 (E.D. La. Feb. 10, 2004) (citing *Norman v. Housing Authority of City of Montgomery*, 836 F.2d 1292, 1299 (11th Cir.1988) (citing *Blum*, 465 U.S. at 895 n .11))).

an affidavit indicating that they actually billed for the work at issue, the affidavit does not indicate that these rates are the same rates actually billed and paid in similar lawsuits in this community. Given Plaintiffs' failure to oppose (or even address) the requested hourly rates, Defendants' hourly rate are deemed prima facie reasonable.[27]

Mr. Garner's hourly rate of $389 per hour for an attorney with 30 years' experience is well within prevailing market rates.[28] While $332 and $279 per hour for a 15- and 4-year lawyer would appear higher than prevailing market rates in the Greater New Orleans area,[29] in light of the presumption arising due to Plaintiff's failure to contest those rates, the Court will allow Defendants to recover at those rates.[30] The Court cannot, however, authorize Ray's charge of $449 per hour as same would fall well above the prevailing market rates for labor and employment lawyers in the New Orleans area.[31] Indeed, Ray's requested $449 rate equates to a 15-year lawyer charging

---

[27] *La. Power & Light Co. v. Kellstrom*, 50 F.3d 319, 328 (5th Cir. 1995) (citing *Islamic Ctr. v. City of Starkville*, 876 F.2d 465, 469 (5th Cir. 1989), *overruled on other grounds by Shipes v. Trinity Indus.*, 987 F.2d 311, 323 (5th Cir. 1993)); *Powell v. Comm'r*, 891 F.2d 1167, 1173 (5th Cir. 1990) (citation omitted); *Cajun Servs. Unlimited, LLC v. Benton Energy Serv. Co.*, No. 17-491, 2021 WL 5833967, at *4 (E.D. La. Dec. 9, 2021) (citing *Martinez v. Refinery Terminal Fire Co.*, 2016 WL 4594945, at *7 (S.D. Tex. Sept. 2, 2016) (citing *Kellstrom*, 50 F.3d at 328)).

[28] *McGee v. Tregre*, No. 18-3341, 2019 WL 3308324, at *4 (E.D. La. Feb. 11, 2019) (approving $375.00/hour for attorney with 41 years of experience); *Batiste v. Lewis*, No. 17-4435, 2019 WL 1591951, at *3 (E.D. La. Apr. 12, 2019) (finding $375.00 per hour to be reasonable for a partner with 35 years of experience); *Moody v. Assoc. Wholesale Grocers, Inc.*, No. 17-10290, 2019 WL 66833850, at *3 (E.D. La. Dec. 6, 2019) (approving $315.00/hour for attorney with over 30 years of experience); *Hamdan v. Tigers Bros. Food Mart, Inc.*, No. 15-412, 2018 WL 3029991, at *12-13 (M.D. La. May 22, 2018) (reducing hourly rate for attorney with over 30 years of experience in intellectual property litigation from $420.00/hour to $375.00/hour);

[29] *Creecy v. Metro. Prop. & Cas. Ins.*, 548 F. Supp. 2d 279 (E.D. La. 2008) (finding rates of $175 and $200 for attorneys with 5 and 11 years' experience, respectively, reasonable); *GMAC Com. Mortg. Corp. v. Chateau Deville Apartments P'ship*, 2003 WL 21674467 (E.D.La. July 16, 2003) (finding that $150.00 per hour was a reasonable billing rate for a second-year associate); *Smith v. Berry Co.*, 1997 WL 736697, at *4 (E.D. La. Nov.21, 1997) (holding that $150.00 per hour was consistent with the prevailing market rate at the time the work was performed for counsel with eleven years' experience practicing employment discrimination law);

[30] *See, e.g., Tollett v. City of Kemah*, 285 F.3d 357, 369 (5th Cir. 2002) (approving $300 hourly rate where (citing *Baulch v. Johns*, 70 F.3d 813, 818 n. 8 (5th Cir.1995) (approving requested hourly rate where such rate ($250–$330 per hour) was not questioned by the opposing party or subjected to adversarial testing, but declining to opine "on whether the rate claimed would be reasonable in other cases in the Dallas area")).

[31] The court is itself an expert on the issue of fees and may consider its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment with or without the aid of witnesses as to value.. *Campbell v. Verma Systems, Inc.*, 21-272, 2022 WL 879497, at *2 (M.D. La. Mar. 23, 2022) (citing *Winget v. Corp. Green, LLC*, No. 09-0229, 2011 WL 2173840, at *6 (M.D. La. May 31, 2011) (quoting *Campbell v. Green*, 112 F.2d 143, 144 (5th Cir. 1940))); *see also See Sanchez v. Pizzati Enters., Inc.*, No. 17-9116, 2018 WL 3954866, at *4 (E.D. La. Aug. 16, 2018) (finding $325 to be a reasonable hourly rate for an attorney with 15 years of labor and employment

$60 more per hour than his New Orleans-based, 30-year partner and $110 more than his New Orleans-based 15-year partner.  While Ray's $449 hourly rate may be consistent with prevailing rates in other locales, there is no evidence to support a finding that $449 per hour is consistent with the prevailing rates in the New Orleans market, particularly given the hourly rates of Garner at $389 and Halverson at $332.  Accordingly, Mr. Ray's rate will be reduced to the same rate charged by New Orleans law partner of similar vintage, Mr. Halverson (i.e., $332 per hour).

### 2.  Hours Reasonably Spent on Litigation

The party seeking attorney's fees bears the burden of establishing the reasonableness of the fees by submitting adequate documentation of the hours reasonably expended and demonstrating the use of billing judgement.[32]  The exercise "billing judgment" entails "writing off unproductive, excessive, or redundant hours" when seeking fee awards.[33]  Thus, to satisfy this obligation, the applicant should submit documentation of the hours charged as well as those written off as unproductive, excessive, or redundant.[34]  If the court finds that requesting attorney failed to exercise billing judgment, it may reduce the hours awarded by a percentage or conduct a line-by-line analysis of the time report.[35]

Only work that is legal in nature is compensable.  Work of a legal nature includes "factual investigation, including locating and interviewing witnesses; assistance with depositions, interrogatories and document production; compilation of statistical and financial data; checking

---

experience); *Hubert v. Curren*, No. 18-7069, 2018 WL 4963595 (E.D. La. Oct. 15, 2018) (reducing rate of partner with 17 years of experience from $400.00/hour to $300.00/hour as prevailing rate in this district).

[32] *Creecy*, 548 F. Supp. 2d at 285-86 (citing *Wegner v. Standard Ins.*, 129 F.3d 814, 822 (5th Cir. 1997)); *see also Hensley*, 461 U.S. at 437 (stating party seeking fee bears burden of documenting and supporting the reasonableness of all time expenditures for which compensation is sought).

[33] *Walker v. United States Dep't of Hous. & Urb. Dev.*, 99 F.3d 761, 769 (5th Cir.1996).

[34] *Campbell*, 2022 WL 879497, at *3 (M.D. La. Mar. 23, 2022) (citing *Saizan v. Delta Concrete Prods. Co., Inc*., 448 F.3d 795, 799 (5th Cir. 2006)).

[35] *See Hensley*, 461 U.S. at 434; *Green v. Admins. of the Tulane Educ. Fund*, 284 F.3d 642, 662 (5th Cir. 2002).

legal citations; and drafting correspondence."[36]  Further, only time spent in connection with the motion to compel, not reviewing discovery, is compensable.[37]

In this case, Defendants seek to recover $5,994.69 in attorneys' fees supported by an Affidavit identifying 16.7 hours of work at various hourly rates ($433 for attorney with 15 years' experience, $389 for attorney with 30 years' experience, and $332 for an attorney with 15 years' experience).  ECF No. 483; ECF No. 48-1, at 11.  Although Defendants indicate that they actually expended more than 16.7 hours on the motion to compel, Defendants fail to specify how many hours were actually not charged in the exercise of billing judgment (i.e., were written off as unproductive, excessive or redundant).  *Id.* at 9-10.  Exhibit A-1 only reflects the 16.7 hours actually charged.  ECF No. 48-3, at 3-4.  Of the two entries on that exhibit reflecting zero time, one relates to review of discovery that is not compensable under Rule 37.

Having reviewed the invoice submitted and after conducting a line-by-line analysis of same, the Court finds it appropriate to reduce the award by subtracting time for entries that are vague, generalized, or not strictly limited to time incurred in making the motion, as required.  Specifically, the Court finds it appropriate to deduct for two attorneys attending the Rule 37 conference (.3 on 3/25), work related to review of discovery responses for deficiencies rather than directly to the motion to compel (1.3 on 3/22; .7 on 4/1), and reducing a block entry that includes work on the motion to compel along with internal conferences and correspondence (.7 on 3/31).

---

[36] *Missouri v. Jenkins*, 491 U.S. 274, 288 n.10 (1989).
[37] *Stagner*, 2004 WL 253453, at *6 (noting that Rule 37 does not contemplate costs incurred by the party in the normal course of litigation, absent a direct relation to the motion to compel).

### B.  **Adjusting the Lodestar**

The Court has carefully evaluated the *Johnson* factors and finds no adjustment of the lodestar is warranted.

## III.   **CONCLUSION**

For the foregoing reasons, the litigation-ending sanction of dismissal is not proper in this matter.  Defendants are, however, entitled to recover the reasonable fees incurred in connection with the motion to compel.  Applying the lodestar method as outlined above, Defendants are entitled to recover for 15.1 hours for a total of $4,315.10 as follows:

| Attorney | Rate | Time | Total |
|---|---|---|---|
| Garner | $389 | .9 | $   350.10 |
| Ray | $332 | 7.3 | $2,432.60 |
| Halverson | $332 | .4 | $   132.80 |
| Rush | $279.50 | 6.5 | $1,816.75 |
| TOTAL | | | $4,732.25 |

Accordingly, for the foregoing reasons,

IT IS ORDERED that Defendants' Motion to Dismiss is GRANTED IN PART AND DENIED IN PART as stated herein.

IT IS FURTHER ORDERED that, pursuant to Rule 37, Defendants be awarded $4,732.25 in attorneys' fees incurred in connection with the previously granted Motion to Compel.

New Orleans, Louisiana, this ___2nd___ day of June, 2022.

DONNA PHILLIPS CURRAULT
UNITED STATES MAGISTRATE JUDGE

10