UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| DAVID JONES, ET AL. | * | CIVIL ACTION |
| VERSUS | * | NO. 21-1858  DIV. 2 |
| FLOWERS FOOD, INC., ET AL. | * | MAG. JUDGE CURRAULT |

### ORDER AND REASONS

Before me is Plaintiffs' Motion to Stay. ECF No. 78. Defendants timely filed an Opposition Memorandum. ECF No. 83. Plaintiffs sought leave and filed a Reply Memorandum. ECF Nos. 84, 86-87. No party requested oral argument in accordance with Local Rule 78.1, and the Court agrees that oral argument is unnecessary.

Having considered the record, the submissions and arguments of counsel, and the applicable law, Plaintiff's motion (ECF No. 78) is DENIED for the reasons stated herein.

### I.  BACKGROUND

Plaintiffs worked as deliverymen for Defendants Flowers Foods, Inc. and Flowers Baking Company of New Orleans, LLC. ECF No. 1 ¶ 1. They were part of an opt-in collective action filed in October 2015 against Defendants in a case entitled "Richard, et al v. Flowers Foods, Inc., et al.," No. 15-02557 in the United States District Court for the Western District of Louisiana, Lafayette Division (the "Richard Action"). *Id.* ¶ 3. On April 9, 2021, the court decertified the collective action. *Id.* Thereafter, on October 11, 2021, Plaintiffs filed this suit against Defendants in this court, alleging that they have been misclassified as "independent contractors" for which they seek relief under the Fair Labor Standards Act, 29 U.S.C. §§ 201-219 and state law, La. Rev. Stat. 23:631-653. *Id.* ¶¶ 166-186.

The November 28, 2022, Scheduling Order set a trial date of September 11, 2023, with a discovery deadline of July 17, 2023. ECF No. 76. Plaintiffs have moved to stay this proceeding

until the parties have filed a notice of settlement or impasse. ECF No. 78 ¶ 6. Plaintiffs argue that, in a similar suit, Western District of Louisiana Judge David Joseph dismissed their claims on summary judgment and that decision is currently on appeal before the Fifth Circuit. ECF No. 78 ¶3 at 2; ECF No. 78-2 at 2. Given the uncertainties, litigation costs and anticipated motion practice, Plaintiffs desire to engage in settlement discussions and need more time to discuss the issues with the 17 plaintiffs in this case (90 in all related proceedings). *Id.* at 2-3. Each side has moved to extend deadlines, which will impact the scheduled trial date. *See* ECF No. 80, 82.

Defendants oppose the motion to stay. ECF No. 83. Defendants argue that they have been litigating the issues in this case for eight years, during which they have had five prior mediation or settlement conferences. They are not interested in private mediation at this time, particularly given that they are required to engage in a settlement conference with a magistrate judge in this case by August 17, 2023. *Id.* at 2. Defendants also argue that a stay prejudices them because damages continue to accrue, they risk loss of witnesses, the parties have already engaged in extensive discovery and motion practice, and the pending appeal involves a case that applied well-established principles rather than creating new law. *Id.* at 3-6.

In Reply, Plaintiffs assert that they are not seeking an indefinite stay, but rather, a stay until resolution of the appeal or until either party files a notice of settlement or impasse. ECF No. 87 at 1-2. Plaintiffs argue the stay is necessary because Defendants condition participation in settlement discussions on a discounted offer, which requires counsel to discuss the issue with each plaintiff individually. *Id.* at 2. Plaintiffs distinguish the cases cited by Defendants and argue that case law supports a stay pending resolution of litigation between the same parties involving the same or controlling issues. *Id.* at 2-6.

## II.  APPLICABLE LAW AND ANALYSIS

A district court has the power to stay proceedings to manage its docket "with economy of time and effort for itself, for counsel, and for litigants."[1]  The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket.[2]  Whether to stay a case "calls for the exercise of judgment, which must weigh competing interests and maintain an even balance."[3]  The court's authority to manage its own docket, however, should not be abused.[4]

Generally, the moving party bears a heavy burden to show why a stay should be granted absent statutory authorization, and a court should tailor its stay so as not to prejudice other litigants unduly.[5]  Stays should not be of an indefinite duration in the absence of a pressing need, and the party requesting a stay "must make out a clear case of hardship or inequity in being required to go forward if there is even a fair possibility that the stay" will harm another party..[6]  In determining whether to grant a stay, courts consider the following factors:  "(1) any hardship imposed on the moving party by proceeding with the action, (2) any prejudice to the non-moving party if the stay is granted, and (3) the interests of judicial economy."[7]  Where a discretionary stay is proposed, "something close to genuine necessity should be the mother of its invocation."[8]

---

[1] *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936); *see also Clinton v. Jones*, 520 U.S. 681, 706 (1997).
[2] *Landis*, 299 U.S. at 254.
[3] *Wedgeworth v. Fireboard Corp.*, 706 F.2d 541, 545 (5th Cir. 1983) (quoting *Landis*, 299 U.S. at 254-55).
[4] *See Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1 (1984).
[5] *Coastal (Bermuda) Ltd. v. E.W. Saybolt & Co.*, 761 F.2d 198, 203 n.6 & 204 (5th Cir. 1985) (citing *Nederlandse Erts-Tankersmaatschappij v. Isbrandtsen Co.,* 339 F.2d 440, 442 (2d Cir. 1964)).
[6] *Landis*, 299 U.S. at 255.
[7] *Est. of Gardebled v. State Farm Fire & Cas. Co.*, No. 22-115, 2022 WL 2438625, at *3 (E.D. La. July 5, 2022) (citing *Cortez v. Lamorak Ins. Co*., No. 20-2389, 2021 WL 2018073, at *4 (E.D. La. May 20, 2021) (Vance, J.) (quoting *Maples v. Donzinger*, No. 13-223, 2014 WL 688965, at *2 (E.D. La. Feb. 21, 2014)) (internal quotation marks omitted)).
[8] *Coastal (Bermuda) Ltd.*, 761 F.2d at 203 n.6.

Applying the relevant factors here, the Court declines to stay this matter. Given Defendants' concern regarding the loss of evidence and continued accrual of damages and the age of this proceeding,[9] a discretionary stay is not appropriate. While Plaintiffs' desire to engage in settlement discussions is encouraged, it is simply insufficient to justify a stay in this matter. Nor is the fact that an appeal is pending in a parallel case. While the parallel case has some overlapping issues, the parties are not the same parties as in this case and while the Fifth Circuit's resolution of the appeal may have precedential impact on this case, it will not have any preclusive effect on this matter.[10] Further, given the prior extension of deadlines and need to re-schedule the trial date, Plaintiffs will have additional time to discuss settlement with the seventeen plaintiffs in this case.

### III. CONCLUSION

Plaintiffs have neither shown hardship nor inequity in being required to go forward and thus have failed to carry the heavy burden to show that a stay is proper, particularly given the potential prejudice to Defendants. Accordingly, for the foregoing reasons,

IT IS ORDERED that Plaintiff's Motion to Stay (ECF No. 78) is DENIED.

New Orleans, Louisiana, this __14th__ day of June, 2023.

_____
DONNA PHILLIPS CURRAULT
UNITED STATES MAGISTRATE JUDGE

---

[9] *See Clinton,* 520 U.S. at 707–08 (reversing stay that took no account of opponent's interest in bringing matter to conclusion, and delay increased the danger of prejudice resulting from the loss of evidence, including the inability of witnesses to recall specific facts, or the possible death of a party).

[10] *See Tuminski v. NCR Corp.*, 66 F.3d 323 (5th Cir. 1995) (affirming district court's grant of summary judgment and denial of stay sought on the basis of pending appeal of case involving similar issue) (unpublished); *Caruso v. Allstate Ins. Co.*, No. 06-2613, 2007 WL 625830, at *3 (E.D. La. Feb. 26, 2007) (denying motion to stay premised on pending appeal of parallel case raising similar issues because issues were not identical and not all issues in pending case would be resolved by appeal).