UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| DAVID JONES, ET AL. | * | CIVIL ACTION |
| VERSUS | * | NO. 21-1858 |
| FLOWERS FOODS, INC., ET AL. | * | DIVISION 2 |

## ORDER AND REASONS

Before the Court is a Joint Motion for Approval of FLSA Settlement seeking court approval of the Parties' proposed settlement and dismissal with prejudice. ECF No. 201. All parties consented to the undersigned's jurisdiction and the district judge referred the matter for all purposes, including entry of final judgment, in accordance with 28 U.S.C. § 636(c). ECF No. 58. After careful consideration of the record, the memorandum, and the applicable law, the Motion for Approval of FLSA Settlement is GRANTED, and the settlement is APPROVED for the reasons stated herein.

## I.     BACKGROUND

Plaintiffs are former or current distributors for Defendants Flowers Foods, Inc. and Flowers Baking Company of New Orleans, LLC. ECF No. 1 ¶ 1. They were part of a Fair Labor Standards Act ("FLSA") opt-in collective action filed in October 2015 against Defendants in a case entitled "Richard, et al v. Flowers Foods, Inc., et al.," No. 15-02557, in the United States District Court for the Western District of Louisiana, Lafayette Division (the "Richard Action"). *Id.* ¶ 3. On April 9, 2021, the court decertified the collective action. *Id.* Thereafter, on October 11, 2021, Plaintiffs' counsel filed this and six other lawsuits on behalf of dismissed opt-in plaintiffs. ECF No. 201 at 2. The remaining plaintiffs in this case are seventeen people alleging that Defendants Flowers Foods and Flowers/New Orleans misclassified them as "independent contractors" for

1

which they seek overtime under the FLSA, 29 U.S.C. §§ 201-219, and state law, La. Rev. Stat. 23:631-635.  ECF No. 1 ¶¶ 166-186; No. 201 at 2.

Defendants dispute Plaintiffs' allegations and contend that their claims fail for multiple, independent reasons, including that they have been properly classified as independent contractors and, even if they were not properly classified and were employees, they were exempt from the FLSA overtime provisions under the Motor Carrier Act and/or the "outside sales" exemptions, 29 U.S.C. § 213(b)(1).  ECF No. 201 at 2-3.  In addition, Defendants assert that several recent rulings, including one from the Fifth Circuit, support their position and defeat these claims.  *Id.* at 3.

After nine years of litigation and multiple mediation sessions beginning in 2018, the parties have reached an agreement to resolve the claims.  After the parties notified the Court that they had reached an amicable resolution, on July 9, 2024, this Court entered a conditional order of dismissal. ECF No. 198.  On October 17, 2024, the parties filed this Joint Motion for Approval of FLSA Settlement, requesting that the Court approve the settlement and award Plaintiffs' counsels' fees. ECF No. 201.

## II.    <u>APPLICABLE LAW</u>

The Court "must approve any settlement reached by the parties which resolves the claims in this action brought under Section 16(b) of the FLSA."[1]  When employees bring a private FLSA action for back wages and present the court with proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness.[2]  The primary focus is not on due process concerns, as it would be for a Fed. R. Civ. P. 23 class action.[3]  Rather, the Court must

---

[1] *Collins v. Sanderson Farms, Inc.*, 568 F. Supp. 2d 714, 717 (E.D. La. 2008).
[2] *Lynn's Food Stores, Inc. v. U.S. ex rel. U.S. Dep't of Lab., Emp. Standards Admin., Wage & Hour Div.*, 679 F.2d 1350, 1353 (11th Cir. 1982).
[3] *Collins*, 568 F. Supp. 2d at 719 (citations omitted).

focus on ensuring that an employer does not take advantage of its employees in settling their claim for wages.[4]  Thus, to approve an FLSA settlement, the court must determine that the settlement is a "fair and reasonable resolution of a bona fide dispute over FLSA provisions."[5]

When the settlement reflects a reasonable compromise over issues, such as FLSA coverage or computation of wages that are actually in dispute, the court should approve the settlement to promote the policy of encouraging settlement of litigation.[6]  Additionally, a court presiding over an FLSA suit "shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action."[7]

This Court analyzes the fairness of the settlement agreement accordingly.

## III.  **ANALYSIS**

In the nine years since this case began, the parties have had extensive motion practice and completed discovery by counsel, with counsel for both Plaintiffs and Defendants having extensive experience litigating wage and hour disputes, including FLSA collective actions.  After this effort and numerous arms-length negotiation sessions with mediators, the parties have agreed to resolve this matter for a full and complete release in exchange for a total settlement payment of $224,500.00, inclusive of attorneys' fees of $80,000, resulting in distribution of $144,500 to Plaintiffs or approximately $8,500 per plaintiff.  ECF No. 201 at 3-4.

Considering that extensive work, the numerous summary judgment motions pending prior to notice of settlement, and a recent Fifth Circuit decision dismissing similar claims involving the

---

[4] *Id.* (citations omitted).
[5] *Id.* (quoting *Lynn's Food Stores*, 679 F.2d at 1355; and citing *Camp v. Progressive Corp.*, Nos. 01-2680,  03-2507, 2004 WL 2149079 (E.D. La. Sept. 23, 2004)).
[6] *Lynn's Food Stores*, 679 F.2d at 1354.
[7] 29 U.S.C. § 216(b).

Defendants, the Court agrees with the parties that this case presents a bona fide wage dispute and that the proposed settlement agreement is fair and reasonable.

### A.    Whether the Settlement is the Product of a Bona Fide Dispute

To determine whether a bona fide dispute exists, the court looks for a genuine dispute as to the defendants' liability under the FLSA.[8]  Because the FLSA is mandatory and not subject to negotiation and bargaining between employers and employees, the court "should ensure that the settlement does not allow the employer to negotiate around the FLSA's mandatory requirements."[9] In other words, there must be some doubt that plaintiffs would succeed on the merits through litigation of their claims.[10]    An "aggressive prosecution and strenuous defense" will lead the Court to find that a bona fide dispute exists.[11]

The Court finds that there is a bona fide dispute between the parties as to whether Defendants violated the FLSA.  Although Plaintiffs allege that they have worked over forty hours in a workweek without receipt of proper overtime, Defendants not only dispute these factual allegations regarding time worked but also raise affirmative defenses that would defeat the claims. Specifically, Defendants contend that Plaintiffs were properly classified as independent contractors and thus are not entitled to overtime and that, even if improperly classified, they were exempt under two different FLSA exemptions.  They also dispute the applicable statute of limitations, availability of liquidated damages and damage calculation.  In addition, Defendants have achieved success in similar cases.  ECF No. 201 at 6-8.

---

[8] *Bancroft v. 217 Bourbon, LLC*, No. 21-545, 2022 WL 19762998, at *1 (E.D. La. Apr. 12, 2022) (Ashe, J.) (internal quotations omitted).

[9] *Id.* (quoting *Bell v. Associated Wholesale Grocers Inc.*, No. 19-131, 2020 WL 1862297, at *1 (E.D. La. Apr. 14, 2020) (Milazzo, J.)).

[10] *Collins*, 568 F. Supp. 2d 714, 719–20.

[11] *Koviach v. Crescent City Consulting, LLC*, 2017 WL 4351509, at *2 (E.D. La. Oct. 2, 2017) (Morgan, J.) (internal quotations omitted); *see also Hohensee v. Divine Miracles, Inc.*, 2018 WL 6198370, at *2 (E.D. La. Nov. 14, 2018) (Morgan, J.) (finding a bona fide dispute where plaintiff and defendants disputed whether plaintiff was properly paid both regular and overtime compensation and whether defendants kept accurate records).

Thus, the Court finds that the settlement is the product of a bona fide dispute in this case.

**B.    Whether the Settlement is Fair and Reasonable**

The court considers the six factors listed in *Reed v. General Motors Corp.* in evaluating whether a settlement is fair and reasonable:

> (1) the existence of fraud or collusion behind the settlement; (2) the complexity, expense, and likely duration of the litigation; (3) the stage of the proceedings and the amount of discovery completed; (4) the probability of plaintiffs' success on the merits; (5) the range of possible recovery; and (6) the opinions of class counsel, class representatives and absent class members.[12]

"When considering these factors, the court should keep in mind the 'strong presumption' in favor of finding a settlement fair."[13]

The Court takes each factor in turn.

### 1.    There Was No Fraud or Collusion Behind the Settlement

"The Court may presume that no fraud or collusion occurred between counsel, in the absence of any evidence to the contrary."[14]  Here, there is no suggestions of fraud or collusion behind the settlement.  Indeed, the parties represent that the settlement is the product of arms-length negotiations and recount the history of mediations with private mediators and judicial officers.[15]  In short, there is no evidence of fraud or collusion.

### 2.    The Complexity and Expense of the Litigation

The Court further finds that the second factor, the complexity, expense, and likely duration of the litigation, also indicates that the settlement is fair and reasonable.  The defenses raised are fact-intensive and potentially dispositive and, thus, could have required extensive time to proceed

---

[12] 703 F.2d 170, 172 (5th Cir. 1983) (citing *Parker v. Anderson*, 667 F.2d 1204, 1209 (5th Cir. 1982)).
[13] *Diaz v. USA Pro. Lab., LLC*, No. 18-6580, 2021 WL 928031, at *2 (E.D. La. Mar. 11, 2021) (Vitter, J.) (quoting *Domingue v. Sun Elec. & Instrumentation, Inc.*, No. 09-682, 2010 WL 1688793, at *1 (M.D. La. Apr. 26, 2010)).
[14] *Collins*, 568 F. Supp. 2d at 725 (citing *Camp*, 2004 WL 2149079 at *7).
[15] ECF No. 201 at 3.

through to trial before reaching a resolution. The Parties faced the prospect of an expensive, lengthy jury trial as well as likely appeals and post-trial motions.

In light of the unresolved issues, complexity of the litigation and Defendants' recent successes, the settlement reached appears fair and reasonable.

### 3.  *The Stage of the Proceedings and the Amount of Discovery*

The Court next considers how much discovery has been completed, because "extensive discovery [by the parties indicates] a good understanding of the strengths and weaknesses of their respective cases and hence that the settlement's value is based upon such adequate information."[16] Discovery progress also "demonstrates that the parties have litigated the case in an adversarial manner and . . . therefore . . . [the] settlement is not collusive but arms-length."[17]

In this case, the parties have engaged in significant discovery and motion practice. Indeed, the parties reached a settlement while the court considered the Defendants' pending motions for summary judgment. ECF Nos. 170-180, 182-187. This factor also weighs in favor of approving the settlement.

### 4.  *Plaintiff's Probability of Success on the Merits is Uncertain*

Plaintiffs' success on the merits is no doubt uncertain. As outlined above, not only are there several issues in dispute regarding liability and damages, but these disputes will require determination of the credibility and accuracy of timekeeping. In addition, there are unresolved legal issues with recent decisions favoring Defendants. The Court thus finds it unclear whether and to what extent Plaintiffs would be meritorious.

This factor indicates the settlement is fair and reasonable.

---

[16] *Black v. DMNO, LLC*, No. 16-2708, 2018 WL 4076330, at *3 (E.D. La. Aug. 27, 2018) (Morgan, J.) (internal quotations and citation omitted).
[17] *Id.* (internal quotations and citation omitted).

### 5.  *The Range of Recovery is Uncertain*

The Parties have divergent positions on damages components, including whether liquidated damages are available, whether Defendants acted willfully, whether the half-time overtime calculation method applied, and whether Defendants would be entitled to any offset, in addition to the misclassification and exemption issues.  And, the Fifth Circuit's decision creates substantial risk that Plaintiffs would not recover whatsoever, which must be factored into consideration in the resolution.

This factor indicates that the settlement is fair and reasonable.

### 6.  *Opinions of Class Counsel, Representatives and Absent Members*

The only parties to the settlement in this case are the named Plaintiffs; there are no "absent class members."  Further, the parties are represented by experienced counsel in this matter.  "The Court is entitled to rely on the judgment of experienced counsel in its evaluation of the merits of a class action settlement."[18]  Counsel has advised each Plaintiff of the settlement details, including their individual settlement amounts, and all Plaintiffs have not only agreed to accept the settlement terms but also executed the settlement agreement.

The Court finds that the last factor weighs in favor of approving the settlement as fair and reasonable.

### C.    Attorneys' Fees

As part of its fairness determination, the Court must evaluate whether the proposed attorneys' fees are reasonable.[19]  Federal courts typically use the "lodestar method" as a guide to determine attorneys' fee awards, which provides "an objective basis on which to make an initial

---

[18] *Liger v. New Orleans Hornets NBA Ltd. P'ship*, No. 05-1969, 2009 WL 2856246, at *4 (E.D. La. Aug. 28, 2009) (citing *Cotton v. Hinton*, 559 F.2d 1326, 1330 (5th Cir. 1977)).
[19] *Collins*, 568 F. Supp. 2d at 728 (citing *Camp*, 2004 WL 2149079, at *18 (citing *Strong v. BellSouth Telecomms., Inc.*, 137 F.3d 844, 849–50 (5th Cir. 1998))).

estimate of the value of a lawyer's services."[20]  Some courts look to the percentage of recovery in class actions to double-check the fee.[21]

Under the lodestar method, "the number of hours reasonably spent on the case [is multiplied] by an appropriate hourly rate in the community for such work."[22]  The reasonable hourly rate is based on the prevailing market rate for similar services by similarly trained and experienced lawyers in the relevant legal community.[23]  The party seeking attorneys' fees bears the burden of establishing the reasonableness of the fees, and it must provide adequate documentation of the hours expended and demonstrate the use of billing judgement.[24]  The party opposing the attorneys' fees requested bears the burden of showing that a reduction is warranted and should provide an adequate basis of why and how the fees are unreasonable in the case.[25]  After calculating the lodestar, the court can use its discretion to decrease or enhance the amount based on the relative weight of the factors set forth in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974).

The most critical factor in determining an attorney's fee award is the degree of success obtained.[26]  In this case, Plaintiffs' counsel seek to recover $80,000 of the $224,500 settlement amount for both fees and costs, invoking the lodestar.  They do not appear to seek a fee based on a percentage of the settlement or a separate award of attorneys' fees to a prevailing party under the

---

[20] *Hensley v. Eckerhart,* 461 U.S. 424, 433 (1983), *superseded by statute on other grounds,* Prison Litigation Reform Act, 42 U.S.C. § 1997e; *Saizan v. Delta Concrete Prods. Co.*, 448 F.3d 795, 799 (5th Cir. 2006); *Heidtman v. Cnty. of El Paso*, 171 F.3d 1038, 1043 (5th Cir. 1999).
[21] *Collins*, 568 F. Supp. 2d at 729; *see also In re Vioxx Prods. Liab. Litig.*, 760 F. Supp. 2d 640, 651 (E.D. La. 2010) (Fallon, J.) (noting differing methods used to evaluate reasonableness of fees).
[22] *Saizan*, 448 F.3d at 799.
[23] *Tollett v. City of Kemah*, 285 F.3d 357, 368 (5th Cir. 2002).
[24] *La. Power & Light Co. v. Kellstrom,* 50 F.3d 319, 324 (5th Cir. 1995) (citations omitted).
[25] *Id*. at 329 (citing *U.S. Football League v. Nat'l Football League*, 887 F.2d 408, 413 (2d Cir. 1989), *cert. denied*, 493 U.S. 1071 (1990) ("[A] party advocating the reduction of the lodestar amount bears the burden of establishing that a reduction is justified.")).
[26] *Black v. SettlePou, P.C.*, 732 F.3d 492, 503 (5th Cir. 2013).

FLSA.  Regardless, considering the time billed by Plaintiffs' counsel during this extensive, hard-fought litigation over the last nine years (i.e., 16,278 hours totaling over $4 million in fees)[27] and noting that the fees and  costs sought are approximately 35% of the recovery,[28] the Court finds that the $80,000 in fees as outlined in the settlement agreement is fair and reasonable.  Further, there is no objection to this award.

## IV.    <u>CONCLUSION</u>

All six *Reed* factors indicate that the settlement reached in this case is fair and reasonable.  Coupled with the "strong presumption" that a settlement is fair, this Court finds that the settlement reached in this case is a fair and reasonable resolution of a bona fide dispute over FLSA provisions and therefore approves the settlement.  Further, the $80,000 in attorneys' fees and costs requested are reasonable in light of the time expended and results obtained.  Accordingly,

IT IS ORDERED that the Joint Motion for Approval of FLSA Settlement is GRANTED.

IT IS FURTHER ORDERED that all claims in the above-captioned matter are DISMISSED with prejudice, with each party bearing their own respective costs and fees, except as provided in the settlement agreement and approved herein.

New Orleans, Louisiana, this ____4th____ day of November, 2024.

DONNA PHILLIPS CURRAULT
UNITED STATES MAGISTRATE JUDGE

---

[27] ECF No. 201-2 at 6.

[28] Courts have found fee awards in this range to be reasonable. *See Sierra v. E.M.S.P., LLC*, No. 15-0179, 2015 WL 5823293, at *5 (E.D. La. Oct. 6, 2015) (holding that "[although] a 33.5% fee is on the higher end of approved contingency fees, it [ ] falls within the range of past-approved fees, in addition to being acceptable under the lodestar method"); *Altier v. Worley Catastrophe Response, LLC*, No. 11-241, 2012 WL 161824, at *25 (E.D. La. Jan. 18, 2012) (finding that "attorney's fees in the amount of 25[%] of the settlement amount is fair and reasonable as a cross-check of the lodestar amount"); *In re Harrah's Ent., Inc.*, No. 95-3925, 1998 WL 832574, at *4 (E.D. La. Nov. 25, 1998) (noting that it is not unusual for district courts in the Fifth Circuit to award percentages of approximately one third).